**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RUBY CHRISTINE ODOM AND JAMES ODOM**                    **PLAINTIFFS**

**V.**                                **CIVIL ACTION NO. 1:08-CV-299-SA-JAD**

**AMERICAN NONWOVENS CORPORATION, et al.**                 **DEFENDANTS**

**MEMORANDUM OPINION**

For the reasons stated below, the Court grants in part and denies in part Defendant Donald DePriest's Motion for Judgment on the Pleadings [77]. The Court denies Defendant's Motion for Judgment on the Pleadings with respect to the issue of exhaustion. The Court grants Defendant's motion with respect to the issue of preemption, and the Court defers ruling on the issue of DePriest's individual liability.

**I. BACKGROUND**

Plaintiffs filed this ERISA action on December 23, 2008, against American Nonwovens Corporation (ANC); American Nonwovens Corporation Group Employee Benefit Plan (the Plan); Mississippi Administrative Services, Inc. (MAS); Donald R. Depriest; and John M. Hurt. MAS was dismissed from the case on January 19, 2010. Hurt was dismissed on March 22, 2010. Therefore, only Plaintiffs' claims as to ANC, the Plan, and Depriest remain.

On April 20, 2010, the Court ordered the parties to show cause as to why each claim asserted by Plaintiffs should not be disposed of by cross-motions for summary judgment, on the grounds that "ERISA claims do not entitle a plaintiff to a jury trial." Borst v. Chevron Corp., 36 F.3d 1308, 1324 (5th Cir. 1994) (citing Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980)); see also Graham v. Metro. Life Ins. Co., 349 Fed. Appx. 957, 960 (5th Cir. 2009); Provident Life & Accident Ins. Co. v. Sharpless, 364 F.3d 634, 640 (5th Cir. 2004). Defendants responded that they had no objection

to disposing of the remaining claims by way of cross-motions for summary judgment. Plaintiffs objected, based on the existence of specific facts and requested legal remedies. However, Plaintiffs failed to specify which facts and remedies they believe entitle them to a jury trial.

On May 24, 2010, the Court held a teleconference with the parties to candidly discuss the status of the case. The Court learned that Defendant ANC is defunct, and that no administrative record exists for purposes of assessing Plaintiffs' ERISA claims.

In an effort to ensure that this case reaches a proper disposition, the Court ordered the parties to provide it with memoranda of law on particular issues related to the case. Each party addressed: 1) whether the Plan was an ERISA-qualified plan, and, if not, whether the Court still has subject matter jurisdiction over the case; 2) whether Plaintiffs could pierce the corporate veil in the event that they had a valid ERISA claim; and 3) whether Plaintiffs' state law claims were preempted, in the event that they have presented a valid ERISA claim.

After the parties filed their briefs and responses, Defendant Donald Depriest filed a motion for judgment on the pleadings. Depriest argues that Plaintiffs failed to properly plead exhaustion of administrative remedies under ERISA, that their state law claims are preempted by ERISA, and that he can not be held personally liable for the claims against American Nonwovens Corporation.

## II. EXHAUSTION

Rule 12(c) provides: "After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for deciding a motion under Rule 12(c) is the same as that for deciding a motion under Rule 12(b)(6). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Mayne v. Omega Protein, Inc., 370 F. App'x 510, 514 (5th Cir. 2010) (punctuation

omitted) (citing <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 313 n. 8 (5th Cir. 2002); <u>Hughes v. Tobacco Inst., Inc.</u>, 278 F.3d 417, 420 (5th Cir. 2001)).

Plaintiffs' Complaint alleges that Defendants violated ERISA by failing to respond to Plaintiffs' requests for information regarding their claims and the Plan. Plaintiffs' Complaint further alleges that Defendants failed to advise them as to whether their claim had been denied. The Fifth Circuit has observed:

> [W]hen the administrator fails to "follow claims procedures consistent with the regulatory requirements," including providing adequate notice that it has denied the claim, "a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any remedies under section 502(a) of ERISA on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

<u>Baptist Mem. Hosp.-Desoto, Inc. v. Crain Auto., Inc.</u>, 2010 U.S. App. LEXIS 17518, at *10 (5th Cir. Aug. 19, 2010) (quoting 29 C.F.R. § 2560.503-1(l)). Therefore, even if Plaintiffs failed to exhaust administrative remedies, their Complaint clearly alleges that Defendants failed to provide adequate notice of a claim denial or otherwise failed to provide a reasonable claims procedure.

Furthermore, "the Supreme Court has . . . found – with respect to the exhaustion requirements under the Prison Litigation Reform Act – that exhaustion is an affirmative defense, and that plaintiffs need no[t] 'specially plead or demonstrate exhaustion in their complaints' to avoid 12(b)(6) dismissal." <u>Wilson v. Kimberly-Clark Corp.</u>, 254 F. App'x 280, 287 (5th Cir. 2007) (quoting <u>Jones v. Bock</u>, 549 U.S. 199, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007)). The Fifth Circuit Court of Appeals has applied this decision to an ERISA case, holding that a plaintiff was not required to plead that they had exhausted administrative remedies. <u>Id.</u> Therefore, the Court denies Defendant's Motion for Judgment on the Pleadings insofar as it pertains to exhaustion.

### III. PREEMPTION

The Court previously ordered the parties to brief the issue of whether Plaintiffs' state law claims were preempted by ERISA. After examining the parties' briefs and conducting its own research, the Court holds that Plaintiffs' state law claims are completely preempted by ERISA.

The United States Supreme Court has distinguished between two types of preemption included in ERISA. The first, "complete preemption," includes "any state-law cause of action that duplicates, supplements, or supplants the . . . civil enforcement remedy" in ERISA § 502 and thereby offers a basis for removal. Aetna Health Inc. v. Davila, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004). The second, "conflict preemption," under ERISA § 514 covers state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144.

Accordingly, the Court applies a two-pronged test to determine whether a state-law cause of action is preempted by ERISA. If (1) the claim "addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries." Mayeaux v. La. Health Serv. and Indem. Co., 376 F.3d 420, 432 (5th Cir. 2004). Typically, the defendant bears the burden of proof on both elements, as preemption is an affirmative defense. Bank of La. v. Aetna US Healthcare, Inc., 468 F.3d 237, 242 (5th Cir. 2006).

In the present case, Plaintiffs allege that DePriest breached his fiduciary duties by failing to reasonably administer and pay their claims. Plaintiffs further contend that Defendants were negligent in their failure to address and/or pay their medical claims. Finally, Plaintiffs argue that Defendants committed fraud by accepting Plaintiffs' premiums while misrepresenting material facts concerning Plaintiffs' health insurance coverage. All of these allegations clearly address exclusive

4

areas of federal concern – such as the payment of benefits under an ERISA plan - and directly affect the relationship between traditional ERISA entities. See Mayeaux, 376 F.3d at 420. Accordingly, Plaintiffs' state-law causes of action (breach of fiduciary duty, negligence, and fraud) are preempted. See Menchaca v. CNA Group Life Assur. Co., 331 F. App'x 298, 304 (5th Cir. 2009) (state law claims of breach of fiduciary duty and negligence were preempted); McGowin v. Manpower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004) (common law fraud action for benefits under an ERISA-governed plan is completely preempted by ERISA).

## IV. CONCLUSION

For all the reasons stated above, the Court grants in part and denies in part Defendant's Motion for Judgment on the Pleadings [77]. The Court denies Defendant's Motion for Judgment on the Pleadings with respect to the issue of exhaustion. The Court grants Defendant's Motion for Judgment on the Pleadings with respect to the preemption of Plaintiffs' state-law claims. Accordingly, Plaintiffs' state-law claims for negligence, breach of fiduciary duties, and fraud are dismissed with prejudice. The Court defers ruling on the issue of whether DePriest may be held individually liable.

A non-jury trial of this matter is scheduled to begin on October 4, 2010.[1] It is apparent to the Court that none of the parties have conducted any substantive discovery in this case. No one has offered any affidavits or deposition testimony in support of their arguments. The Court has no administrative record to examine. The only evidence in the record - as opposed to mere arguments

---

[1]"ERISA claims do not entitle a plaintiff to a jury trial." Borst v. Chevron Corp., 36 F.3d 1308, 1324 (5th Cir. 1994) (citing Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980)); see also Graham v. Metro. Life Ins. Co., 349 F. App'x 957, 960 (5th Cir. 2009); Provident Life & Accident Ins. Co. v. Sharpless, 364 F.3d 634, 640 (5th Cir. 2004).

or allegations - is a copy of the benefit plan at issue.  At the trial of this matter, the Court expects more than mere arguments and allegations.  The Court expects the parties to present hard evidence, and it expects counsel to be prepared to provide citations to pertinent ERISA law from this jurisdiction.

An order consistent with this opinion shall issue on this, the 20th day of September, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**